```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


BOBBIE LEIGH ELLIS; AND CHARLES
GABRIEL ELLIS, FREDRICK WALLACE
ELLIS, AND CAMERON OLIVIA ELLIS,
MINOR CHILDREN BY NEXT FRIEND
AND MOTHER, BOBBIE LEIGH ELLIS                      PLAINTIFFS

VS.                         CIVIL ACTION NO. 5:06-cv-33(DCB)(JMR)

O. J. PACKNETT, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
DEPUTY SHERIFF OF WILKINSON COUNTY,
MISSISSIPPI; REGINALD JACKSON,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS SHERIFF OF WILKINSON
COUNTY, MISSISSIPPI; AND WILKINSON
COUNTY, MISSISSIPPI                                 DEFENDANTS
```

## AMENDMENT TO MEMORANDUM OPINION AND ORDER

This cause is before the Court <u>sua sponte</u> to correct a portion of the Memorandum Opinion and Order entered in this case on September 10, 2007, as follows:

On page 16 of the Opinion, the Court addressed Sheriff Jackson's individual liability.  Citing <u>Clemmons v. Armontrout</u>, 477 F.3d 962 (8th Cir. 2007), the Court found that in order to prevail on a claim against the sheriff individually, the plaintiffs "must allege facts of personal involvement in, or direct responsibility for, a deprivation of [their] constitutional rights."  <u>Id</u>. at 967. The Court then concluded that the plaintiffs had failed to do so, and granted Sheriff Jackson's motion for summary judgment in his individual capacity.  Memorandum Opinion and Order, p. 16.

Upon reconsideration <u>sua sponte</u>, the Court finds that <u>Clemmons</u>

did not involve specific allegations of failure to train or supervise. As discussed in pages 20-22 of this Court's opinion, a viable claim for failure to train or supervise remains against Wilkinson County (which includes Sheriff Jackson in his official capacity). The question is whether the alleged facts giving rise to a claim for failure to train or supervise against the county and sheriff in his official capacity also give rise to a claim against the sheriff in his individual capacity. The Court finds that they do.

As the Fifth Circuit held in Sims v. Adams, 537 F.2d 829 (5th Cir. 1976):

> The language of § 1983 requires a degree of causation as an element of individual liability, but it does not specifically require "personal participation." The proper question is therefore whether the complaint adequately alleges the requisite causal connection between the supervisory defendants' actions and a deprivation of plaintiff's constitutional rights. "Personal participation" is only one of several theories which can be used to establish causation.

Id. at 831 (footnote and citations omitted). Thus, "a complaint alleging that a police supervisor has notice of past culpable conduct of his subordinates and has failed to prevent a recurrence of such misconduct states a § 1983 claim." Id. (citations omitted). In Phillips v. Corrections Corporation of America, 2006 WL 1308142 (W.D. La. May 10, 2006), the prison warden argued that since he was not personally involved in the alleged constitutional violations, he could not be subject to individual supervisory

liability under § 1983.  Id. at *2.  The Court rejected his argument, holding that the plaintiff could proceed with failure to train and supervise claims against the warden by showing (1) a pattern of similar violations, and (2) that the inadequate training or supervision was so obvious that a constitutional violation would almost always result.  Id. (citations omitted).

Because the plaintiffs have submitted sufficient evidence to survive the summary judgment motion on their claims against the county and the sheriff in his official capacity, the Court finds that they have submitted sufficient evidence to survive summary judgment against Sheriff Jackson in his individual capacity.  The Memorandum Opinion and Order shall be corrected accordingly.

IT IS HEREBY ORDERED that this Court's Memorandum Opinion and Order of September 10, 2007, is CORRECTED to reflect that the defendants Reginald Jackson and Wilkinson County's Motion for Summary Judgment **(docket entry 68)**, is DENIED, and the claims against Sheriff Jackson in his individual capacity are not dismissed.

SO ORDERED, this the 12th day of September, 2007.

        s/ David Bramlette
        UNITED STATES DISTRICT JUDGE