IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



BOBBIE LEIGH ELLIS; AND CHARLES
GABRIEL ELLIS, FREDRICK WALLACE
ELLIS, AND CAMERON OLIVIA ELLIS,
MINOR CHILDREN BY NEXT FRIEND
AND MOTHER, BOBBIE LEIGH ELLIS                                      PLAINTIFFS

VS.                           CIVIL ACTION NO. 5:06-cv-33(DCB)(JMR)

O. J. PACKNETT, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
DEPUTY SHERIFF OF WILKINSON COUNTY,
MISSISSIPPI; REGINALD JACKSON,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS SHERIFF OF WILKINSON
COUNTY, MISSISSIPPI; AND WILKINSON
COUNTY, MISSISSIPPI                                                 DEFENDANTS

ORDER

This cause is before the Court on the defendants' motion in limine to exclude evidence regarding certain injuries alleged by the plaintiff **(docket entry 60)**; the defendants' motion for reconsideration **(docket entry 77)**; and the plaintiff's motion for leave to amend initial disclosures and call witness at trial **(docket entry 110)**. Having carefully considered the motions and responses, the briefs of the parties and the applicable law, the Court finds as follows:

The plaintiff, Bobbie Leigh Ellis, alleges that on March 11, 2005, she was unlawfully arrested and subjected to excessive force by defendant O. J. Packnett, and that as a result thereof she suffered various physical injuries, among which are cracked teeth and bilateral carpal tunnel syndrome. The defendants move in

limine to exclude evidence, testimony, or statements by the plaintiff concerning (1) Mrs. Ellis' complaints of wrist problems or carpel tunnel syndrome, and (2) dental treatment received by Mrs. Ellis after the alleged incident. As grounds, the defendants assert that the evidence is not relevant, and that Mrs. Ellis cannot show that such injuries were caused by, or related to, the alleged incident.

Mrs. Ellis asserts that injuries to her teeth necessitated treatment from Dr. William Dickey, a dentist in Natchez, Mississippi, and that injuries to her wrists necessitated treatment from Dr. Billy Weinstein, a neurologist in Destin, Florida. The defendants contend that neither the dentist nor the neurologist have testified that the respective conditions for which they treated Mrs. Ellis were, to a reasonable degree of medical certainty, caused by the alleged incident.

For a medical expert's opinion to be admissible, he must be able to articulate that there is more than a mere possibility that a causal relationship exists between the defendant's negligence and the injury for which the plaintiff seeks damages. Spaulding v. United States, 2007 WL 2033245 *3 (5th Cir. July 16, 2007). If a physician cannot provide an opinion regarding causation with sufficient certainty, such testimony should be excluded. Id.

The plaintiff asserts that "[h]er treating physician and dentist could not rule out the excessive force from her arrest as

the cause of her injuries." Plaintiff's Response, pp. 1-2. However, the fact that the doctors could not "rule out" the possibility that the incident caused or contributed to the injuries they treated does not make their testimony on causation admissible, since their testimony to that effect is merely speculative. See id. Dr. Dickey's and Dr. Weinstein's testimony concerning the causal connection between the incident and diagnoses and treatment received by Mrs. Ellis is therefore inadmissible.

The plaintiff also responds that she herself will testify "that when Defendant Packnett slammed her into the trunk of her car she felt her teeth crack and that when he tightened the handcuffs around her wrists he caused serious bruising and pain that left permanent carpel tunnel damage." Plaintiff's Response, p. 1. The Court notes that the Fifth Circuit has held that in certain circumstances causation may be shown in the absence of medical expert testimony. Hamburger v. State Farm Mut. Auto Ins. Co., 361 F.3d 875 (5th Cir. 2004)(plaintiff testified she had no prior neck problems, after the accident her neck immediately felt stiff, and the pain progressively worsened over the following months). There is also a dichotomy in the case law between injuries that require expert testimony to prove causation and those that may be proved by lay testimony alone. See id. at 884-86. "Generally, injuries that are medically complicated, such as frostbite, fibromyalgia, and asthma, require expert testimony on causation. ... Injuries that

are less complex and may be understood with only common sense, such as knee or neck injuries following an accident, can be proven without expert testimony." <u>Robinson v. Procter & Gamble Distributing Company</u>, 2004 WL 3019092 *2 (N.D. Tex. Dec. 30, 2004). To the extent that the defendants' motion in limine seeks to exclude Mrs. Ellis' own testimony, it shall be denied without prejudice so that the defendants may raise the issue of the plaintiff's competence to testify on certain causation issues. The motion in limine shall be granted to the extent it seeks to exclude Dr. Dickey's and Dr. Weinstein's testimony concerning the causal connection between the incident and diagnoses and treatment received by Mrs. Ellis.

The defendants have moved for reconsideration of an order of July 6, 2007, granting a motion to quash a subpoena served on attorney Emile Rolfs. Since the filing of the motion, the parties have reached a resolution of this matter (see Order September 20, 2007). The motion is therefore moot.

On September 12, 2007, the plaintiff moved to amend her initial disclosures and call Donna Smith as a witness at trial. The motion is unopposed, and shall be granted.

Accordingly,

IT IS HEREBY ORDERED that the defendants' motion in limine to exclude evidence regarding certain injuries alleged by the plaintiff **(docket entry 60)** is GRANTED to the extent it seeks to

exclude Dr. Dickey's and Dr. Weinstein's testimony concerning the causal connection between the incident and diagnoses and treatment received by Mrs. Ellis; and DENIED without prejudice to the extent it seeks to exclude the plaintiff's own testimony.

FURTHER ORDERED that the defendants' motion for reconsideration **(docket entry 77)** is MOOT;

FURTHER ORDERED that the plaintiff's motion for leave to amend initial disclosures and call witness at trial **(docket entry 110)** is GRANTED.

SO ORDERED, this the 28th day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE